UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA as subrogee and assignee
of AMGEN INC.,

                Plaintiff,

- against -

SEA STAR LINE, LLC, PORTUS
STEVEDORING LLC, DUNCAN
ENTERPRISES INC. d/b/a PEGASUS
TRANSPORTATION, INC.

                Defendants.

Civil Action No. _____

**COMPLAINT**

Plaintiff Indemnity Insurance Company of North America as subrogee and assignee of Amgen Inc., by and through its attorneys Boyd Law P.A. as and for its Complaint against the above-named defendants, alleges upon information and belief as follows:

1. This action arises from damage to a shipment of pharmaceuticals (the "Cargo") transported in part by ocean carriage from Puerto Rico to the Jacksonville, Florida in November 2014.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. The U.S. District Court for the Middle District of Florida is the proper venue for this action by virtue of the forum-selection clauses contained in the relevant bills of lading, the operative terms and conditions of service, and/or the contracts of carriage for the shipment at issue.

4. The above-named defendants are also subject to the personal jurisdiction of this Honorable Court by virtue of conducting business within and through this District, the Port of Jacksonville, and the State of Florida.

5. At all times relevant hereto, Plaintiff Indemnity Insurance Company of North America ("IINA") is a Pennsylvania Insurance Business Corporation, with a principle address of PO Box 1000, 436 Walnut Street, Philadelphia, PA 19106. IINA is the insurer of Amgen Inc., and has made a payment to Amgen Inc. for the loss incurred that is the subject of this Complaint. IINA is fully subrogated and has received an assignment of Amgen Inc.'s rights concerning the deductible interest for the subject loss.

6. At all times relevant hereto, Amgen Inc. was and now is a Delaware corporation or other business entity with an office and place of business at 1 Amgen Center Drive, Thousand Oaks, CA 91320.

7. At all times relevant hereto, defendant Sea Star Line, LLC ("Sea Star"), was and now is a Delaware limited liability company with an office and place of business at 10550 Deerwood Park Blvd., Suite 509, Jacksonville, FL 32256, engaged in business as a common carrier of goods for hire by ocean transport, and issuing bills of lading for the common carriage of goods aboard certain ocean-going vessels.

8. At all times relevant hereto, defendant Portus Stevedoring LLC ("Portus"), was and now is a limited liability company organized and existing under the laws of the State of Florida with an office and place of business at 8693 Maritime Street, Jacksonville, FL 32226, and was engaged in business as a stevedore and operator of marine terminals and providing services such as loading and unloading ships and cargo, container storage, operation, and/or movement.

9. At all times relevant hereto, defendant Duncan Enterprises, Inc. d/b/a Pegasus Transportation, Inc. ("Pegasus"), was and now is a corporation organized and existing under the

laws of the State of Indiana with an office and place of business at 2903 S. English Station Road, Louisville, KY 40299, and was engaged in business as a common carrier of goods for hire by road transport.

10.     At all times relevant hereto, Amgen was the shipper, consignee, and/or owner of the cargo at issue in this action.

11.     In or about November 17 2014, there was delivered to Defendants a shipment of Amgen pharmaceuticals in good order and condition and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport in part by ocean carriage from San Juan, Puerto Rico, to Louisville, Kentucky, as more fully described in Sea Star bill of lading no. SSL000145708 and an unknown Pegasus bill of lading.

12.     However, while the Cargo was still at the Port of Jacksonville, the refrigerated container SEFU9071196 (the "Container") which held the Cargo was dropped during shifting while in the care, custody or control of the Defendants, damaging the Cargo.

## AS AND FOR A FIRST CAUSE OF ACTION

13.     By reason of the premises, Defendant Sea Star failed to deliver the Cargo in the same good order and condition as it was received; were negligent and careless in their handling of the Cargo; breached their statutory and common-law duties and obligations as freight forwarders, common carriers, NVOCCs, and/or bailees of the Cargo; and were otherwise at fault.

14.     Plaintiff has duly performed all duties, obligations, and conditions precedent to be performed on its part.

15.     By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $2,009,062.68.

## AS AND FOR A SECOND CAUSE OF ACTION

16. IINA repeats and reiterates each and every allegation contained in this Complaint with the same force and effect as if set forth herein.

17. Portus, as the party responsible for the handling, moving, or otherwise transportation of containers at the Port of Jacksonville, had a duty to ensure that the Container was properly loaded without incident following discharge.

18. By dropping the Container during loading onto the over-the-road chassis, Portus breached its duty to Amgen.

19. Amgen was the shipper of said shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Amgen is entitled to maintain this action.

20. Amgen has duly performed all duties and obligations on its part to be performed.

21. As a result of the acts or omissions of the employees or agents of Portus, the Container was unreasonably handled and the Cargo was damaged.

22. To date, damage to the Cargo can best be estimated at $2,009,062.68.

## AS AND FOR A THIRD CAUSE OF ACTION

23. IINA repeats and reiterates each and every allegation contained in this Complaint with the same force and effect as if set forth herein.

24. By reason of the premises, Defendant Pegasus failed to deliver the Cargo in the same good order and condition as it was received; were negligent and careless in its handling of the Cargo; breached its statutory and common-law duties and obligations as common carriers by road transportation and were otherwise at fault.

25. Plaintiff has duly performed all duties, obligations, and conditions precedent to be performed on its part.

26. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $2,009,062.68.

**WHEREFORE**, Plaintiff prays:

i. That process in due form of law according to the practice of this Court may issue against the Defendants, citing them to appear and answer the foregoing;

ii. That a decree may be entered in the favor of Plaintiff against Defendants, jointly and severally, in the amount of $2,009,062.68, together with costs, interest, and attorneys fees; and

iii. For such other relief as this Court may deem just and proper.

Dated: Jacksonville, Florida
November 20, 2015

BOYD LAW, P.A., *Attorneys for*
Indemnity Insurance Company of America as subrogee and assignee of Amgen Inc.

By: _____
Thomas A. Boyd, Jr.
FL Bar # 0762725
6817 Southpoint Parkway, Suite 1801
Jacksonville, FL 32216-6299
Tel: (904) 470-0110
Email: tim@boydmaritimelaw.com

and
*Of Counsel*

HILL RIVKINS LLP

45 Broadway – Suite 1500
New York, NY 10006
Tel: (212) 669-0600